UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

EXPERT INSPECTIONS, LLC D/B/A
ITEST D/B/A MOLDEXPERT.COM
(A/A/O BOBBIE CARTER)

    Plaintiff,

v.

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendant.

CASE NO.

## NOTICE OF REMOVAL

NOW INTO COURT through undersigned counsel comes Defendant, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY[1] (hereinafter "Defendant" or "Allstate"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[2] appearing herein in its "fiduciary"[3] capacity as the "fiscal agent of the United States"[4] and files this Notice of Removal hereby removing this matter from state court to the docket of this Honorable Court. In support thereof, Allstate respectfully shows as follows:

---

[1] Plaintiff mis-named Defendant as Allstate Property & Casualty Insurance Company in the Complaint. Allstate Property & Casualty Insurance Company is a subsidiary of Allstate Insurance Company but did not issue, administer or handle the claim of the insured under the subject Standard Flood Policy at issue herein. Allstate Insurance Company is the Write Your Own flood insurance carrier that issued National Flood Insurance Program Standard Flood Insurance Policy number 4803748891 and is, therefore, the proper party Defendant.

[2] *See,* 42 U.S.C. §4001 *et seq*.

[3] 44 C.F.R. §62.23(f).

[4] 42 U.S.C. §4071(a)(1); *Jacobson v. Metropolitan Prop. & Cas. Ins. Co*., 672 F.3d 171, 175 (2nd Cir. 2012).

I.

On or about July 2, 2019, Plaintiff Expert Inspections, LLC d/b/a iTest d/b/a Moldexpert.com, as an assignee of Bobbie Carter, filed a lawsuit (hereinafter "Complaint") in the County Court of 17th Judicial District Circuit in and for Broward County, Florida, entitled "*Expert Inspections, LLC d/b/a iTest d/b/a Moldexpert.com a/a/o Bobbie Carter v. Allstate Property & Casualty Insurance Company*," bearing case number 2019-008173-CA-71. A true and correct copy of all pleadings served on Allstate in this proceeding is attached hereto as Composite Exhibit "A."

II.

For the reasons that follow, Allstate hereby respectfully removes this case from state court to the docket of this Honorable Court pursuant to 42 U.S.C. § 4072, 44 C.F.R. Pt. 61, App. A(1), Article IX, 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337, and 28 U.S.C. §1367. As the Court is aware, removal is premised upon the face of a Plaintiff's Complaint. Therefore, Allstate will address the allegations set forth in Plaintiff's Complaint, which asserts a federal contract claim against Allstate.

    **A.**    **REVIEW OF PLAINTIFF'S COMPLAINT**

1. At paragraph 8 of Plaintiff's Complaint, Expert Inspections, LLC (hereinafter "Plaintiff") alleges that it brings this action pursuant to an assignment of rights to Plaintiff from Bobbie Carter (hereinafter "Insured") in exchange for Plaintiff performing its' services without incurring any charge. A copy of the subject assignment is attached to the Complaint as "Exhibit A."

2. Also at paragraph 8 of Plaintiff's Complaint, Plaintiff alleges that Plaintiff performed services agreed upon and to the benefit of Insured in exchange for an assignment of

benefits and the right to receive direct payment from the Defendant, and thus is also bringing this action by virtue of an equitable assignment of benefits.

3. At paragraph 4 of Plaintiff's Complaint, Plaintiff alleges that Allstate issued a policy of insurance (hereinafter "Policy") to the Insured for the property located at 2511 Breezy Lane, Panama City, Florida 32405 (hereinafter "subject property").[5]

4. At paragraph 2 of the Plaintiff's Complaint, Plaintiff alleges that they are a Florida limited liability company engaged in the business of mold testing/microbial evaluation services.

5. At paragraph 6 of the Plaintiff's Complaint, Plaintiff alleges that within the effective dates of coverage afforded by the Policy, the subject property was damaged due to water and mold and the cause of the damage was covered by the Policy.

6. At paragraph 7 of the Plaintiff's Complaint, Plaintiff alleges that in order to mitigate the damage to the subject property, the Insured retained the Plaintiff to inspect the subject property and conduct mold-related services.

7. Also at paragraph 7 of the Plaintiff's Complaint, Plaintiff alleges that the Insured agreed to assign his right to insurance benefits from the Policy to the Plaintiff.

8. At paragraph 9 of the Plaintiff's Complaint, Plaintiff alleged that because the subject property was covered by the Policy, the Insured submitted a claim to Allstate and was assigned Claim Number 0522382968.

9. At paragraph 10 of Plaintiff's Complaint, Plaintiff alleges that they notified Allstate that they were in possession of the assignment of benefits from the Insured, and provided Allstate

---

[5] Policy number 4803748891 was a National Flood Insurance Program ("NFIP") Standard Flood Insurance Policy ("SFIP") (not homeowner's) issued by Allstate in its capacity as a WYO Program carrier and was the only policy issued by Allstate relating to the Property.

a copy of their report and an invoice for services provided on 2511 Breezy Ln, Panama City, FL 32405 in the amount of $2,735.00.

10. At paragraph 11 of the Plaintiff's Complaint, Plaintiff alleges that to date Allstate has not paid any Policy proceeds to Plaintiff or otherwise satisfied the full amount of the invoice.

11. At paragraphs 14 and 15 of the Plaintiff's Complaint, Plaintiff alleges that Allstate was obligated to satisfy its invoice, or indemnify Plaintiff for services performed, and their failure to tender proceeds for the full amount to Plaintiff constitutes a breach of the Policy.

12. At paragraph 17 of the Plaintiff's Complaint, Plaintiff alleges that pursuant to Allstate's breach of the Policy, Plaintiff has been forced to retain counsel and, therefore, pursuant to Florida Statute § 627.428, Defendant is obligated to indemnify Plaintiff for any fees and costs incurred as a result of filing this lawsuit.

13. In the Wherefore clause, Plaintiff also requests recovery of compensatory damages, pre-judgement interest, costs of this action, attorney's fees and costs.

14. Plaintiff also demands a jury trial.

### B. THE NATURE OF THE INSURANCE POLICY AT ISSUE

15. Policy No. 4803748891 is a National Flood Insurance Policy ("NFIP") Standard Flood Insurance Policy ("SFIP") written by the U.S. Government (not Defendant) pursuant to 42 U.S.C. § 4013, and is codified federal law which may found in its entirety at 44 C.F.R. Pt. 61, App. A(1).

### C. THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE

16. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims.

4

*Jacobson v. Metropolitan Prop. & Cas. Ins. Co*., 672 F.3d 171, 174 (2nd Cir. 2012); 44 C.F.R. Pt. 62, App. A, Art. III(D)(1), (2) and (3); 44 C.F.R. § 62.23(i)(6); *see also*, 44 C.F.R. Pt. 62, App. A, Art. II(F). Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA"). *Id*.; s*ee,* 42 U.S.C. § 4013(a).

17. Congress delegated rulemaking authority exclusively to the Federal Government to determine the conditions of insurability and to write the flood policy. *See,* 42 U.S.C. § 4013(a). Decades ago, FEMA exercised its authority under §4013(a) to adopt, by regulation, the terms and conditions of insurability, which includes the Standard Flood Insurance Policy ("SFIP") and is codified at 44 C.F.R. Pt. 61, App. A(1).

18. Pursuant to Congressional authorization found at 42 U.S.C. §4071(a)(1), FEMA uses "Write-Your-Own" companies like Allstate to aid it in its statutory duty to administer the National Flood Insurance Program. *See also*, 42 U.S.C. §4081(a)(permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. §62.23(a)-(d) (establishing the WYO program to permit private insurers to sell and administer Standard Flood Insurance Policies).

19. Allstate, as a WYO Program carrier, is authorized to issue the SFIP which is a federal regulation found at 44 C.F.R. Pt. 61, App. A(1), on behalf of the federal government pursuant to the "Arrangement"[6] between itself and FEMA.

20. Allstate cannot waive, alter or amend any of the provisions of the SFIP. *See,* 44 C.F.R. § 61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

---

[6] The Arrangement can be found at https://www.fema.gov/media-library/assets/documents/17972.

21. The National Flood Insurance Program, the Standard Flood Insurance Policy, and the Write-Your-Own Program carriers participating in the National Flood Insurance Program are all governed by federal law, not state law. *See*, *West v. Harris,* 573 F.2d 873 (5th, Cir. 1978), *cert. denied* 440 U.S. 946, 99 S.Ct. 1424) (1979), wherein the stated the following:

> "Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law."

573 F.2d at 881.

22. Based upon the foregoing, it is clear that the NFIP, the SFIP and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law.

## FEDERAL JURISDICTION

**(1) 42 U.S.C. § 4072 – Original Exclusive Jurisdiction**

23. 42 U.S.C. § 4072 conveys original exclusive jurisdiction over claims involving administration of and claims handling matters under the SFIP. This original, exclusive jurisdiction encompasses all claims relating to the provision of flood insurance under the NFIA regardless of whether they are pled in contract, tort or other state statutory remedies, and regardless of whether the named defendant is FEMA or a WYO insurer.

**(2) 28 U.S.C. § 1331 - Federal Question Jurisdiction**

24. Allstate asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, et seq.), and federal common law."

44 C.F.R. Pt. 61, App. A(1), Article IX.  Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. § 1331.  *See, Construction Funding, L.L.C. v. Fidelity Nat. Indem. Ins. Co.*, 636 Fed. Appx. 207, 209 (5th Cir. 2016); *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).

25.     The interpretation of the SFIP and FEMA regulations to determine whether Allstate breached the terms of the SFIP and the standard of care imposed by FEMA for the administering of Plaintiff's flood policy as well as the handling of Plaintiff's SFIP flood claim would require the interpretation of the NFIA and the federal regulations imposed by FEMA, *i.e.*, a federal question.  Thus, *any* address of the WYO Program carrier's interpretation of NFIP rules, regulations and statutes regarding the handing and administration of an SFIP give rise to federal question.  Therefore, there is federal question jurisdiction under 28 U.S.C. § 1331, and the case is also removable pursuant to 28 U.S.C. § 1441(a) and (c).

26.     Pursuant to 28 U.S.C. § 1331, and by operation of 28 U.S.C. § 1441(a) and (c), Allstate asserts that there are multiple federal questions presented within Plaintiff's Complaint thereby making the action removable pursuant to 28 U.S.C. § 1331.

**(3)     Federal Jurisdiction Under 28 U.S.C. §1337**

27.     Removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. 28 U.S.C. § 1337 is not subject to the well-pleaded-Petition rule. Under the NFIA, 42 U.S.C. §4001, *et seq.*, Congress is regulating commerce by promulgating this complex and comprehensive statutory scheme known as the National Flood Insurance Program.  *See, C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 FN3

(3rd Cir. 2004). Under §1337, removal is proper where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the Plaintiff's pleading. *Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft,* 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); and *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

### D.  THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS.

28. To the extent that any of the claims of Plaintiff are not subject to federal jurisdiction, the United States District Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.  *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

29. All of the claims put at issue in Plaintiff's Complaint arise from the "flood" damage that the Property allegedly sustained on or about October 10, 2018, and from its efforts to obtain flood insurance benefits as a result of that loss. As such, all of Plaintiff's legal claims arise from the same nucleus of operative facts, that being the underlying flood loss claim, and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See e.g., Winkler v. State Farm Fire*, 266 F. Supp. 2d 509, 513-14 (S.D. Miss. 2003); and *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tx.  2000). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler,* 266 F. Supp. 2d at 514.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

### E.   PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

30.   Allstate's first knowledge or notice of the suit was on July 16, 2019, when it was served a copy of Plaintiff's Complaint. *See* Exhibit A. This Notice of Removal was filed on August 12, 2019. Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

31.   Venue is proper in the United States District Court in the district in which the covered property was located at the time of the loss pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R). As the property is located in Panama City, and the majority of the transactions at issue occurred there, Defendant intends to move to transfer this action to United States District Court for the Northern District of Florida shortly.

32.   Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served on Allstate to date.

### CONCLUSION

WHEREFORE Defendant, Allstate Property & Casualty Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated August 12, 2019.

Respectfully submitted,

/s/ J. Michael Pennekamp
J. Michael Pennekamp
Fla. Bar No. 983454
Email: jmp@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

*Counsel for Allstate Property & Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ J. Michael Pennekamp
J. Michael Pennekamp

**SERVICE LIST**

CASE NO.

Thomas Wenzel, Esq.
Michael A. Feiner, Esq.
Steinger, Greene & Feiner
2727 W. Cypress Creek Road
Fort Lauderdale, FL 33309
E-Mail: pleadings@injurylawyers.com
Telephone: (954) 491-7701
Facsimile: (954) 590-4708
Attorney for Plaintiff