# EXHIBIT A



# Service of Process Transmittal
07/16/2019
CT Log Number 535867048

**TO:** WADE FAIRCHILD
Allstate Insurance Company
8333 BRYAN DAIRY ROAD, STE 300
LARGO, FL 33777

**RE:** **Process Served in Florida**

**FOR:** Allstate Property and Casualty Insurance Company  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Expert Inspections, LLC, etc. (a/a/o Bobbie Carter), Pltf. vs. Allstate Property & Casualty Insurance Company, Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Notice(s), Civil Summons, Statement of Claim, Attachment(s) |
| **COURT/AGENCY:** | Broward County Court, FL<br>Case # CONO19008173DIVISION71 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Electronic Receipt on 07/16/2019 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | 08/12/2019 at 01:30 p.m. |
| **ATTORNEY(S) / SENDER(S):** | Thomas Wenzel<br>Steinger, Greene & Feiner<br>2727 W. Cypress Creek Rd.<br>Fort Lauderdale, FL 33309<br>954-491-7701 |
| **REMARKS:** | Process received by Chief Financial Officer on 07/15/2019 and forwarded to C T Corporation System by electronic delivery on 07/16/2019. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/16/2019, Expected Purge Date: 07/21/2019<br><br>Image SOP<br><br>Email Notification,  Samantha Santos  Samantha.Santos@allstate.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of  1 / AA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

| | |
|---|---|
| EXPERT INSPECTIONS, LLC DBA ITEST DBA MOLDEXPERT.COM, (A/A/O BOBBIE CARTER) | CASE #: CONO-19-008173 DIVISION: 71<br>COURT: 17TH JUDICIAL CIRCUIT<br>COUNTY: BROWARD<br>DFS-SOP #: 19-000182199 |
| PLAINTIFF(S) | |
| VS. | |
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY | |
| DEFENDANT(S) _____/ | |
| SUMMONS, COMPLAINT | |

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Monday, July 15, 2019 and a copy was forwarded by ELECTRONIC DELIVERY on Tuesday, July 16, 2019 to the designated agent for the named entity as shown below.

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY
DONNA MOCH
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080

Jimmy Patronis
Chief Financial Officer

THOMAS WENZEL
STEINGER, ISCOE & GREENE
2727 NW 62ND STREET
FORT LAUDERDALE, FL 33309

JJ1

Filing # 91988877 E-Filed 07/02/2019

Case 0:19-cv-62007-XXXX Document 1-3 Entered on FLSD Docket 08/12/2019 Page 4 of 11

RECEIVED AS STATUTORY REGISTERED AGENT
Case Number: CONO-19-008179 Division: 71
on 15 July 2019 and served on defendant or named party on 16 July 2019
by the Florida Department of Financial Services

IN THE COUNTY COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.:

EXPERT INSPECTIONS, LLC
DBA iTEST DBA MOLDEXPERT.COM,

    (a/a/o Bobbie Carter)

    Plaintiff,

v.

**CIVIL ACTION SUMMONS**

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,

    Defendant(s).
_____/

Pretrial Information: Appear at
1600 West Hillsboro Boulevard, Deerfield Beach, FL 33442
on 08/12/2019 at 1:30 PM in North Courtroom 3.

STATE OF FLORIDA

DEFENDANT(S) TO BE SERVED:

    ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY

By Serving:
c/o Florida Chief Financial Officer as Registered Agent
P.O. Box 6200
Tallahassee, Florida 32314-6200

**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the Broward County Courthouse in Courtroom ____, located at **1600 W Hillsboro Blvd, Deerfield Beach, Florida 33442** on _____, at_____.M. for a **PRETRIAL CONFERENCE.**

**IMPORTANT-READ CAREFULLY**

**THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT THAT TIME.**

**DO NOT BRING WITNESS, YOU MUST APPEAR IN PERSON OR BY ATTORNEY.**

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 07/02/2019 11:35:46 AM.****

**WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF THE CLAIM WITHOUT FURTHER CONSULTATION.  FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEYS FEES, ENTRY JUDGMENT, OR DISMISSAL.**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The Plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution.  A written MOTION or ANSWER to the court by the Plaintiff(s) or the Defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE/MEDIATION.  The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference/Mediation.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

## MEDIATION

Mediation may take place at the pretrial conference. Whoever appears for a party must have full
authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE.  The law gives the person or company who has been sued you the right to file in any one of the several places as listed below.  However, if you have been sued in any place other than one of these places, you, as the Defendant(s), have the right to request that the case be moved to a proper location or venue.  A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the Defendants sued reside; (6) any location agreed to**

in a contract; (7) in an action for money due, if there is no agreement as to where the suit may be filed, where payment is to be made. **If you, as the Defendant(s), believe the Plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit (sworn under oath) with the court 7 days prior to your first court date and send a copy of the Plaintiff(s) or Plaintiff(s) attorney, if any.**

A copy of the statement of claim shall be served with this summons.

DATED at Fort Lauderdale, Florida, on _____JUL 03 2019_____.

Filed by: THOMAS J. WENZEL, ESQ.
Address: STEINGER, GREENE & FEINER,
2727 NW 62nd Street
Fort Lauderdale, FL 33309
pleadings@injurylawyers.com



BRENDA D. FORMAN
AS CLERK OF THE COURT

By:_____

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Diana Sobel, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

**EXPERT INSPECTIONS, LLC DBA iTEST DBA MOLDEXPERT.COM,**

    (a/a/o Bobbie Carter)

             **Plaintiff,**

v.

**ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,**

             **Defendant.**
_____/

## STATEMENT OF CLAIM

The Plaintiff, Expert Inspections, LLC dba iTest dba MoldExpert.com (hereinafter "**Plaintiff**"). As an assignee of Bobbie Carter (hereinafter "**Insured**"), by and through undersigned counsel, hereby files this Statement of Claim for Breach of Contract against Defendant, AllState Property & Casualty Insurance Company (hereinafter "**Defendant**"), and in support thereof alleges the following:

### GENERAL ALLEGATIONS:

1. This is an action wherein Plaintiff seeks damages amounting to less than $2,735.00, exclusive of costs, attorney's fees, and interest.

2. At all times material to this cause of action, Plaintiff was and is a Florida limited liability company engaged in the business of mold testing/microbial evaluation services.

3. At all times material to this lawsuit, Defendant was and is a business licensed to conduct business in the State of Florida. Defendant engages in the business of insurance and conducts business, has offices, and/or maintained agents for the transaction of its customary business in BROWARD County and throughout the State of Florida.

4. Insured was issued a policy of insurance by Defendant. That policy insured the property located at 2511 Breezy ln, Panama City, Florida 32405 (hereinafter the "**Property**").

5. Plaintiff is not in possession of a full and complete copy of the Policy. However, Defendant is in possession of the Policy, and as such, once obtained through discovery, Plaintiff will file a copy with this Court.

6. Within the effective dates of coverage afforded by the Policy, the Property was damage due to water and mold. The cause of the damage to the Property is covered by the Policy.

7. In order mitigate the damage to the Property and to comply with the obligations under the Policy, the Insured retained Plaintiff to inspect the Property and conduct mold-related services. In exchange for the services provided by Plaintiff, the Insured agreed to assign his right to insurance benefits to Plaintiff up to the amount of Plaintiff's invoice. The Insured also agreed to and authorized Defendant to directly pay Plaintiff for services rendered. *A copy of the Contract for Services, Assignment of Benefits, Direct Payment Authorization, and Hold Harmless Agreement is attached hereto as* **Exhibit "A."**

8. Insured intended to assign Plaintiff a portion of his rights to the Policy's proceeds in order for Plaintiff to perform its services without incurring any charge. Plaintiff performed services as agreed upon and to the benefit of Insured in exchange for an assignment of benefits and the right to receive direct payment from Defendant. Thus, in addition to the written assignment of benefits, Plaintiff brings this action by virtue of an equitable assignment of benefits.

9. Because the damage to the Property was covered by the Policy, Insured timely submitted a claim to Defendant. Defendant assigned the matter Claim Number 0522382968.

10. Thereafter, Plaintiff notified Defendant that they are in possession of an assignment of benefits, and provided Defendant with a copy of Assignment of Benefits, Direct

Payment Authorization, and Hold Harmless Agreement. Additionally, Plaintiff provided Defendant with a copy of its report and a copy of its invoice, for services provided on 2511 Breezy ln, Panama City, Florida, 32405 in the amount of $2,735.00 (hereinafter the "**Invoice**").

11. To date, Defendant has not paid any Policy proceeds or otherwise satisfied the full amount of the Invoice.

12. All conditions precedent to filing this lawsuit have been fully satisfied, or have otherwise been waived.

## COUNT I
## BREACH OF CONTRACT

13. Plaintiff re-alleges and re-avers paragraphs 1–14 above as though restated fully herein.

14. Pursuant to the terms and conditions of the Policy, Defendant was obligated to satisfy the Invoice, or otherwise indemnify Plaintiff for the services performed.

15. Defendant's failure to tender Policy proceeds to Plaintiff for the full amount of the Invoice constitutes a breach of the Policy.

16. As a direct and proximate result of Defendant's failure to honor its obligation required under the Policy and in accordance with the Contract for Services, Assignment of Benefits, Direct Payment Authorization, and Hold Harmless Agreement, Plaintiff has been damaged.

17. As a result, Plaintiff has been forced to retain undersigned counsel, and is therefore obligated to pay the undersigned a reasonable fee for its services. Thus, and pursuant to Florida Statutes § 627.428, Defendant is obligated to indemnify Plaintiff for any fees and costs incurred as a result of filing this lawsuit.

**WHEREFORE**, the Plaintiff, Expert Inspections, LLC dba iTest dba MoldExpert.com requests this Honorable Court to enter an award against the Defendant, AllState Property &

Casualty Insurance Company, for compensatory damages, pre-judgment interest, costs of this action, attorney's fees and costs pursuant to Florida Statutes § 627.428, and all other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable against Defendant pursuant to Florida law.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to the Defendant herein through service of process.

DATED: 7/02/2019

    Respectfully submitted,

    **STEINGER, GREENE & FEINER**
    2727 W. Cypress Creek Rd.
    Fort Lauderdale, FL 33309
    Tel.   954-491-7701
    Fax.   954-590-4708
    Email: pleadings@injurylawyers.com

    *Attorneys for Plaintiff*

    By: */s/ Thomas Wenzel*
    Thomas Wenzel, Esq.
    Florida Bar No. 104117

    By: */s/ Michael A Feiner*
    Michael A Feiner, Esq.
    Florida Bar No. 493740



**iTEST**
environmental testing & inspections

ENVIRONMENTAL TESTING & INSPECTIONS
AGREEMENT, ASSIGNMENT OF BENEFITS &
CONTRACT FOR SERVICES

| | | | | |
|---|---|---|---|---|
| Name: | Bobbie Carter | Address: | 2511 Breezy ln, Panama City, FL 32405 | |
| Insurance Company: | ALLSTATE | Claim No.: | ▇▇▇▇▇▇ | Date of Loss: 10/10/2018 |
| Policy #: | ▇▇▇▇▇▇ | Insurance #: | (239) 908-6855 | |
| Services: | Total amount to be billed to insurance company | | Amount billed to client $0.00 | |

**EXPERT INSPECTIONS, LLC., d.b.a. iTest Environmental & MoldExpert.com (ME)** and **CLIENT** named above agree as follows:

1. **ME** shall provide services at the above described property address. The purpose of these services includes, but is not limited to, mold assessment to the property Client shall provide access to the property to **ME** for the above services to be performed.

2. **ME** shall provide a detailed invoice for services to be submitted to Client's insurance company (if invoicing insurance company).

3. Client agrees to cooperate with **ME** to ensure that payments are made by any insurance carrier immediately upon completion of work. Client understands that **ME** is working for Client and not Client's insurance company.

4. **Direction to Pay.** Client hereby demands and authorizes any applicable insurance carrier(s) to pay **ME** solely and directly for the services provided, without the need to include Client or any co-insured as a payee.

5. **Assignment of Insurance Claim Benefits.** Client hereby assigns to **ME** any and all insurance rights, benefits, and proceeds which pertain to services rendered in relation to the above loss, under any applicable policy of insurance. <u>The client will NOT be liable for any fees for the services rendered if the claim is denied, only insurance carrier. This assignment of rights, benefits and proceeds is limited to the amount of **ME**'s invoice for services rendered</u> in relation to the above claim and the right and ability to collect same directly from my insurer, including the right to file suit and to seek attorney's fees and court costs. Toward that end, Client waves any homestead exemption, which might be applicable to such insurance funds. Any and all other insurance rights, benefits, and proceeds shall continue to belong to the Client. Only in the event customer decides not to open an insurance claim, will the customer be responsible for the fees related to the services rendered.

6. **Consent to Communicate.** Client hereby directs my insurance carrier(s) and mortgage company to communicate directly with **ME** and release any and all information requested by it, its representative, and/or its attorney for the direct purpose of obtaining actual benefits to be paid for services rendered or to be rendered. In this regard Client waives my privacy rights Should no claim yet exist, Client agrees and authorizes that submission of this document shall operate as a first notice of a claim to Client's insurance company on Client's behalf. As such my insurance company carrier is hereby on notice that the untimely release of insurance proceeds for work provided for inspection and testing services my result in further legal proceedings against the insurance company for lost interest and unjust enrichment.

7. **Limited Power of Attorney.** Client hereby appoints **ME** as Client's attorney in fact to endorse and deposit any payments made by any source for services rendered by **ME** which may include Client's name as a co-payee.

8. **Limit of Liability.** Client agrees that **ME**'s liability shall be expressly limited to the total amount of services authorized herein and that it shall not be liable for consequential damages of any kind. This Limited Mold Inspection & Sampling Agreement is made effective on the date of the agreement by and between **ME** and the client named above. You desire to have a Limited Mold Sampling Inspection (the "inspection") performed on a building/home located at the address stated above on this page of the agreement.

9. **Payment Terms.** All fees, costs and charges reflected on an Invoice shall be due within fifteen (15) days after the date of the Invoice. For any outstanding balance not paid in full within thirty (30) days from the date of the Invoice, interest shall accrue on the unpaid balance at the rate of 1.5% per month (18% per annum) from the date of default.

10. **Dispute Between the Parties.** The Parties (Insurance carrier and **ME**) hereby agree that if there is any dispute between them, jurisdiction for such action will lie in Broward County, Florida. Additionally, if **ME** must bring legal action to recover any amount it is owed, it shall be entitled to recover the cost of collection, including all attorney's fees and court costs (insurance carrier and **ME**).

11. **Other.** I (we) give authority to **ME** to endorse any checks with (my/our) name listed in the check.

12. **Severability.** If any provision of this agreement is found to be invalid or unenforceable, that shall not affect the validity or enforceability of the remaining provisions of this agreement.

Client Signature: *[signature: Bobbie J Carter]* Date: 02/06/2019
Inspector Signature: Jose Oropeza Date: 02/06/2019

EXHIBIT "A"